# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:12cv247

| | | |
|---|---|---|
| TUCKER MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| SAFESOUND ACOUSTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 10]. Plaintiff

brought this action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

Specifically, Plaintiff seeks a judgment from this Court declaring that its prior

decision to cease conducting business with Defendant did not violate Chapter 75 of

the North Carolina General Statutes and did not violate federal antitrust laws.

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.[1] The Court **RECOMMENDS** that the District

Court **GRANT** the Motion to Dismiss [# 10].

## I. Background

Plaintiff is a Georgia Corporation that is in the business of distributing

---

[1] Although Defendant moved to dismiss the Complaint on the basis of Rule 12(b)(6), the actual issue before the Court is not whether the Complaint states a claim for relief or whether jurisdiction is proper pursuant to Rule 12(b)(1). Rather, the question is whether the Court should exercise its discretion and hear this action. See Valdese Weavers, Inc. v. Highland Fabrics, Inc., Civil No. 1:09cv170, 2009 WL 4726640, at *3 (W.D.N.C. Dec. 2, 2009) (Reidinger, J.).

building materials, including acoustical ceiling products. (Pl.'s Compl. ¶¶ 1, 5.)

Defendant is a North Carolina Corporation that was engaged in the business of

providing and installing acoustical ceiling products for residential and commercial

projects. (Id. ¶¶ 2, 6, 15.)

In 2005, Plaintiff and Defendant entered into a written credit agreement

where Defendant agreed to pay for materials and supplies it purchased from

Plaintiff on credit. (Id. ¶ 7.) Pursuant to this agreement, Defendant purchased

acoustical ceiling products from Plaintiff on credit in 2009. (Id. ¶ 8.) Plaintiff,

however, alleges that Defendant failed to pay for these products, and, as a result,

Plaintiff decided to stop doing business with Defendant. (Id. ¶¶ 9-10.)

Plaintiff then brought a lawsuit in state court in North Carolina against

Defendant and one of its principals for breach of contract. (Id. ¶ 11.) The state

trial court granted Plaintiff's motion for summary judgment against Defendant and

its principal. (Id ¶ 13.) The North Carolina Court of Appeals, however, reversed

and remanded the case. (Id.) The Court of Appeals held that summary judgment

for Plaintiff on the breach of contract claim asserted against Defendant was

improper because genuine issues of material fact exists "as to whether the disputed

orders were made by someone with actual or apparent authority of SafeSound and

as to how much money, if any, defendants owe plaintiff." Tucker Materials, Inc. v.

Safesound Acoustics, Inc., 725 S.E.2d 673, 2012 WL 1687689, at *3 (N.C. Ct. App. May 15, 2012) (table decision). In addition, the Court of Appeals found that the individual principal was entitled to summary judgment on the issue of whether she was liable in her individual capacity. Id. at *4-5.

Approximately two months after the ruling from the Court of Appeals, counsel for Defendant sent counsel for Plaintiff a letter dated July 24, 2012, regarding the settlement of the state court action, as well as the potential of Defendant bringing a claim under Chapter 75 of the North Carolina General Statutes against Plaintiff. (Id. ¶ 14; Ex. A to Pl.'s Compl. at p. 1.) The letter states Defendant's position that Plaintiff had violated Chapter 75 of the North Carolina General Statutes and that this conduct had led to Defendant's financial loss, including Defendant closing its doors and stopping business operations. (Ex. A to Pl.'s Compl.) Defendant requested a settlement amount of $300,000.00 in lieu of filing a lawsuit asserting Chapter 75 claims against Plaintiff. (Id. at p. 4.)

After receiving the letter from Defendant's counsel, Plaintiff initiated this action on August 14, 2012, seeking a declaratory judgment that it was not liable under Chapter 75 or federal antitrust laws. (Pl.'s Compl. ¶¶ 22-30.) That same day, counsel for Plaintiff sent counsel for Defendant a response to his July 24, 2012, letter. In his August 14, 2012, letter, Plaintiff's counsel indicates his

position that the Chapter 75 claims Defendant threatened to bring were without

merit.  (Ex. B to Def.'s Mem. Supp. Def.'s Mot. Dismiss at 1.)  In addition, the

letter stated that:

> Tucker is unwilling to pay anything at all to settle claims that are
> wholly lacking in merit.  Rather than let threatened litigation be held
> over Tucker's head, we have filed suit in federal district court for the
> Western District of North Carolina asking for a declaration with
> respect to your client's purported claims.  A courtesy copy of the
> Complaint, as filed will be sent to you by separate electronic
> transmission.

(Id. at p. 2.)

On September 20, 2012, Defendant then filed an action in the Superior Court

of Buncombe County asserting claims for unfair and deceptive trade practices,

breach of contract, tortious interference with contracts, civil conspiracy, and

punitive damages against Plaintiff, Gypsum Management and Supply, Inc., and

Renee Sutton.  (Ex. C to Def.'s Memo. Law Supp. Def.'s Mot. Dismiss.)

Defendant moves to dismiss the Complaint.  Defendants' motion is now properly

before the Court for a Memorandum and Recommendation to the District Court.

## II.    Analysis

The Federal Declaratory Judgment Act (the "Act") provides that a federal

district court "may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a). The Act, however, does not provide an independent basis for federal jurisdiction. City Nat'l Bank v. Edmisten, 681 F.2d 942, 945 n.6 (4th Cir. 1982). Accordingly, Plaintiff relies on the Court's diversity jurisdiction conferred under 28 U.S.C. § 1332 to provide the basis of federal jurisdiction in this Court. Because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, diversity jurisdiction is proper in this case. See 28 U.S.C. § 1332(a).

It is now well settled, however, that the decision to exercise jurisdiction under the Act and render declaratory relief is discretionary, even where the Court possess diversity jurisdiction over the dispute. See Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) ("This power has consistently been considered discretionary."); Continental Cas. Co. v. Fuscardo, 33 F.3d 963, 965 (4th Cir. 1994); Mitcheson v. Harris, 955 F.2d 235, 237 (4th Cir. 1992); Aetna Cas. & Sur. Co. v. Alpha Mech., Inc., 9 F. Supp. 2d 585, 587 (W.D.N.C. 1998) (Potter, J.).

Courts should normally exercise jurisdiction over a declaratory judgment

action where the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue and . . . will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Fuscardo, 35 F.3d at 965 (internal quotations and citations omitted). A declaratory judgment, however, "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" Poston, 88 F.3d at 256-57 (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). A district court may only decline to entertain a declaratory judgment action for good reason. Fuscardo, 35 F.3d at 965; see also North Jefferson Square Assocs., L.P. v. VA Hous. Dev. Auth., 94 F. Supp. 2d 709, 717 (E.D. Va. 2000).

Moreover, where a related action is pending in state court, the federal district court should consider whether the state court is better situated to handle the controversy. Poston, 88 F.3d at 257. Courts are guided by "the same consideration of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). Accordingly, the Fourth Circuit has set four additional factors that a court

must consider in deciding whether to exercise its discretion and hear a declaratory

judgment action where parallel litigation is pending in state court.  Poston, 88 F.3d

at 257; Fuscardo, 35 F.3d at 966; see also Valdese Weavers, Inc. v. Highland

Fabrics, Inc., No. 1:09cv170, 2009 WL 4726640, at *4 (W.D.N.C. Dec. 2, 2009)

(Reidinger, J.). These factors include: (1) the strength of the state's interest in

having the issues raised in the federal declaratory action decided in the state court;

(2) whether the issues raised in the federal action can be more efficiently resolved

in the pending state action; (3) whether the federal action might result in

unnecessary entanglement between the federal and state systems due to

overlapping issues of fact or of law; and (4) whether the federal action is being

used merely as a device for "procedural fencing," i.e., to provide another forum in

a race for res judicata.  Fuscardo, 35 F.3d at 966; see also Poston, 88 F.3d at 257;

The Hipage Co, Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615, n.13 (E.D. Va.

2008); Argonaut Great Cent. Ins. Co. v. McDowell Cnty., 626 F. Supp. 2d 554

(W.D.N.C. 2009) (Howell, Mag. J.) (apply factors and declining to exercise

jurisdiction);  State Farm Mut. Auto. Ins. Co. v. Baker, No. 3:08cv355, 2008 WL

5255802, at *2 (W.D.N.C. Dec. 16, 2008) (Mullen, J.) (same); Firemen's Ins. Co.

of Washington, D.C. v. Hunter Constr. Group, Inc., No. 3:07cv120, 2008 WL

2247138, at *2 (W.D.N.C. May 29, 2008) (Mullen, J.) (same).[2]

Good reason exists for declining to exercise jurisdiction in this case. Under the first factor, North Carolina has an interest in the resolving the substantial questions of state law at issue in this dispute. Defendant's complaint in state court asserts claims for breach of contract and various torts under North Carolina law, including Chapter 75 claims. In this case, Plaintiff asks this Court to issue a declaratory judgment that its actions did not violate Chapter 75. Although the Complaint also asserts a request for declaratory judgment that its actions did not violate federal antitrust law, the overwhelming issues in this dispute are ones of state law and policy that are best left to the state courts to address, and the state court is particularly well suited to apply North Carolina law in this case. While this factor alone is not sufficient to decline to exercise jurisdiction, when considered in conjunction with the other factors, as well as the general principals set forth by the Fourth Circuit and the United States Supreme Court, the fact that state law controls nearly all the legal questions before the Court weighs in favor of declining to exercise jurisdiction. See Fuscardo, 35 F.3d at 966-67.

Similarly, the second and third factors weigh against the Court exercising

---

2     As the case law demonstrates, this situation ordinarily arises in the context of disputes regarding insurance coverage. The Fourth Circuit, however, has applied similar factors in the non-insurance context where the state court action was filed after the federal declaratory judgment action. See J.B. Hunt Transp. Inc. v. Innis, 985 F.2d 553, 1993 WL 13376 (4th Cir. 1993) (unpublished); see also Valdese Weavers, 2009 WL 4726640, at *2-4.

jurisdiction over this action because the issues could be resolved more efficiently

in a single court system, and ruling on the declaratory judgment could result in the

unnecessary entanglement between federal and state systems.   Plaintiff brought

this declaratory judgment action asserting what is essentially an affirmative

defense to the Chapter 75 claims asserted by Defendant in state court.  The

declaratory judgment action, however, would do nothing to address the breach of

contract or some of the additional torts asserted by Defendant.  In addition, not all

the parties involved in the state court action are parties to this action.  Although

Plaintiff was the first to file suit, it did so in response to a letter from counsel for

Defendant asserting that it would file suit against Plaintiff asserting Chapter 75

claims; it was inevitable that these issues would arise before the state court.  See

generally Fuscardo, 35 F.3d at 967.  Thus, the state court action provides a broader,

more efficient, and more comprehensive forum for resolving the entire dispute

between the parties.

Moreover, declaratory judgment actions are designed to declare the rights of

parties so that they can conform their conduct in order to avoid future damages or

litigation.  See Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 719

(W.D. Va. 2011);  Access2Go, 589 F. Supp. 2d at 615; State Farm Fire and Cas.

Co. v. Taylor, 118 F.R.D. 426, 429 (M.D.N.C. 1988); see also See Cunningham

Bros., Inc. v. Bail, 407 F.2d 1165, 1168 (7th Cir. 1969). The acts at issue in this dispute have already been completed, and the Defendant is out of business. A declaratory judgment from this Court would do nothing to steer Plaintiff away from the alleged breach of contract and tortious conduct that Defendant alleges occurred and, thus, a declaration from this Court is not consistent with the purpose of the Declaratory Judgment Act. Access2Go, 589 F. Supp. 2d at 615 ("Here, because [plaintiff] has already repudiated the Service Agreement, there is no guidance that this Court can offer to steer [plaintiff's] conduct away from a breach of contract"); Gallant, 766 F. Supp. 2d at 719 (holding that because the alleged wrong had already occurred – a foreclosure – declaratory relief was not appropriated); Bagley v. Wells Fargo Bank, N.A., Civil Action No. 3:12-CV-617, 2013 WL 350527, at *7 (E.D. Va. Jan. 29, 2013) ("In this case, there is no reasonably certain future conduct to be prevented or mandated because the foreclosure sale has already occurred, and the issue of which the party is responsible for the related costs will be addressed by the underlying contract claim resolving whether the foreclosure sale is void or valid."); Avco Corp. v. Cherry, Civil Action No. 3:08cv402, 2008 WL 5234691, at *8 (E.D. Va. Dec. 15, 2008) ("Therefore, in cases such as this where the underlying injury had already been fully realized by the declaratory-judgment defendant, the clear weight of authority

dictates that the Court should exercise its discretion and dismiss [plaintiff's] claim under the DJA."); Dann Marine Towing, LC v. St. Paul Fire and Marine Ins. Co., C/A No. 2:01-2766-18, 2002 WL 34455167, at *2-3 (D.S.C. Apr. 23, 2002).

As the United States District Court for the Southern District of New York explained in Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F. Supp. 2d 394 (S.D.N.Y. 2002):

> The Court is mindful that there are circumstances in which anticipatory judgments of non-liability may be appropriate under the DJA, particularly in regards to claims asserting unaccrued or undefined rights or obligations arising under contractual relations such as insurance and intellectual property. However, where the purported use of the DJA seeks a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued by reason of alleged wrongful conduct, various courts have held that the application is not a warranted purpose of the DJA.

Harrods, 237 F. Supp. 2d at 426. In this case, a declaratory judgment would not prevent avoidable injuries and would not serve to clarify the uncertain legal rights of the parties. Instead, a declaratory judgment would merely determine whether Plaintiff was liable in tort for its prior actions. Put simply, the claims and issues in dispute in this case are best left to the resolution of the state court rather than through this Court hearing a declaratory judgment action.

Finally, the Court must consider whether Plaintiff brought the declaratory judgment action as a type of procedural fencing. See Fuscardo, 35 F.3d at 966.

Although closely related to the discussion regarding the second and third factors, Courts have nearly uniformly held that declaratory relief is inappropriate in cases such as this where an alleged tortfeasor sues the injured party for a declaration of nonliability in anticipation of suit. See e.g. Morrison v. Parker, 90 F. Supp. 2d 876, 880 (W.D. Mich. 2000) ("Following *Cunningham*, the uniform approach of the federal courts is that declaratory relief is generally inappropriate when a punitive tortfeasor sues the insured party for a declaration of nonliability."). "It is our view that where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995); see also AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004); Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir. 1987); United Ins. Co of Am. v. Harris, 939 F. Supp. 1527, 1535 (M.D. Ala. 1996). "[W]e are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and forum chosen by the alleged tort-feasor would be a perversion of the Declaratory Judgment Act." Cunninham, 407 F.2d at 1167.

Here, Plaintiff is attempting to use the Declaratory Judgment Act as a tactical device to force Defendant to litigate at a time and forum of its choosing.

After receiving a demand letter and offer of settlement from Defendant, Plaintiff preemptively filed this declaratory judgment action seeking a declaration of non-liability on the Chapter 75 claims in federal court. At the time Plaintiff brought this action, Defendant was on notice that Defendant was planning on initiating litigation against it for alleged violations of Chapter 75. The procedural fencing and race to the courthouse employed by Plaintiff in bringing this action weighs strongly in favor of declining to exercise jurisdiction in this case. See State Farm Fire and Cas. Co. v. Taylor, 118 F.R.D. 426, 429-30 (M.D.N.C. 1988) ("A district court may properly consider the inequity of permitting a declaratory plaintiff to gain precedence in time and forum by filing a declaratory action which is *merely anticipatory* of a parallel state action."); Avco Corp, 2008 WL 5234691, at *9. Upon weighing the factors set forth by the Fourth Circuit, considering the purpose behind the Declaratory Judgment Act, and considering the notions of federalism, efficiency, and comity, the Court finds that declining to exercise jurisdiction over this dispute is warranted. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10].

## III.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10] and dismiss this case without prejudice.

Signed: April 17, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).